1
2
3
4
5
6
7

Elliot Rosenberger (Cal. Bar No. 298837)
Joshua Biletsky (Cal. Bar No. 285438)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 256-5075
Facsimile: (866) 317-2674
er@biletskyrosenberger.com
jb@biletskyrosenberger.com
Attorneys for Plaintiff

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

| | | |
|---|---|---|
| Maria Molina, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND TRIAL BY JURY** |
| | ) | **DEMAND** |
| v. | ) | |
| | ) | |
| D. Scott Carruthers, PLC, and SFM-6, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

16

**NATURE OF ACTION**

17
18
19
20
21
22

1.     Plaintiff Maria Molina ("Plaintiff") brings this action against Defendant D. Scott Carruthers, PLC ("DSC") and Defendant SFM-6, LLC ("SFM") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

23
24

**JURISDICTION, VENUE, AND STANDING**

25
26

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1693m(g), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

27
28

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.      "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See Id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.      "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

**THE FAIR DEBT COLLECTION PRACTICES ACT**

7.     Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

8.     To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

9.     Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

10.     In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

11.     Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors."  *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000).

12.     "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman*, 755 F.3d at 1117-8 (emphasis in original).

**THE ELECTRONIC FUND TRANSFER ACT**

13.     The EFTA is a federal statute that regulates electronic fund transfers—in particular, preauthorized transfers—initiated by consumers through financial institutions.

14.     Congress passed EFTA "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b).

15.     In passing the EFTA, Congress noted that "[t]he primary objective of [the EFTA] . . . is the provision of individual consumer rights." 15 U.S.C. § 1693(b).

16.     Accordingly, EFTA is a remedial statute, and should be given a broad, liberal interpretation in favor of the consumer. *Clemmer v. Key Bank N.A.*, 539 F.3d 349, 353 (6th Cir. 2008) (citing *Begala v. PNC, Ohio, Nat'l* Ass'n, 163 F.3d 948, 950 (6th Cir. 1998)).

17.     The FTC and courts have interpreted closely related consumer protection laws under the least sophisticated, or unsophisticated, consumer standard.  *See Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 934 (9th Cir. 2007) ("If the least sophisticated debtor would "likely be misled" by a communication from a debt collector, the debt collector has violated the Act [FDCPA]"); *Morris v. Lomas & Nettleton Co.*, 708 F. Supp. 1198, 1203 (D. Kan. 1989) ("Congress intended the TILA to aid unsophisticated consumers and to prevent creditors from misleading consumers as to the actual cost of financing.");  *Jeter v. Credit Bureau*, 760 F.2d 1168, 1172-1173 (11th Cir. 1985) ("The FTC Act was enacted to protect *unsophisticated* consumers, not only "reasonable consumers" who could otherwise protect themselves in the market place) (citing *Matter of Wilson Chem. Co., Inc.*, 64 F.T.C. 168 (1964)) (emphasis added).

18.     "The statute covers a wide range of electronic money transfers-from ATM withdrawals and debit-card payments to banking by phone—and subjects them to a litany of procedural requirements designed to protect consumers from transactions made in error or without their consent." *Wike v. Vertrue, Inc.*, 566 F.3d 590, 592 (6th Cir. 2009) (citing 15 U.S.C §§ 1693a(6), 1693b-1693f).

19.     One of EFTA's requirements establishes that "preauthorized electronic fund transfer[s] from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." 15 U.S.C. § 1693(e)(a).

20.     EFTA's implementing regulations, Regulation E, codified at 12 C.F.R. § 1005.10, provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer." 12 C.F.R. § 1005.10(b). Regulation E further provides that "[t]he person that obtains the authorization shall provide a copy to the consumer." *Id.*

**THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

21.     "California has adopted a state version of the FDCPA, called the Rosenthal Act." *Riggs v. Prober & Raphael,* 681 F.3d 1097, 1100 (9th Cir. 2012).

22.     Like the FDCPA, the purpose of the RFDCPA  is to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title." Cal. Civ. Code § 1788.1(b).

23.     "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs*, 681 F.3d at 1100.

24.     "[A] plaintiff who recovers under the FDCPA is entitled to damages under the corresponding section of the RFDCPA."   *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1077 (E.D. Cal. 2007).

## PARTIES

25.     Plaintiff is a natural person who at all relevant times resided in the State of California, County of Kern, and City of McFarland.

26.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), 15 U.S.C. § 1693a(6), and 12 C.F.R. § 1005.2(e).

27.     Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

28.     DSC is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

29.     DSC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30.     SFM is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

31.     SFM is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

32.     SFM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

33.     SFM is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

34.     Plaintiff is allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendants.

35.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal consumer loan (the "Debt").

36.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

37.     Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

38.     SFM acquired Plaintiff's Debt after it was in default.

39.     In connection with the collection of the Debt, DSC telephoned Plaintiff on or about January 23, 2017.

40.     During this January 23, 2017 phone call, Plaintiff entered into a payment arrangement with DSC.

41.     The payment arrangement called for DSC to withdraw money from Plaintiff's bank account on a bi-weekly basis.

42.     Beginning on January 23, 2017, DSC debited Plaintiff's Wells Fargo bank account in conformity with the payment arrangement.

43.     DSC's fund transfers from Plaintiff's account were initiated electronically as debit card transactions, and not by a check or other written instrument.

44.     DSC's fund transfers are "electronic funds transfers" as defined by 15 U.S.C. § 1693a(7).

45.     DSC's fund transfers occurred on a substantially regular basis.

46.     DSC's fund transfers are "preauthorized electronic funds transfers" as defined by 15 U.S.C. § 1693a(10).

47.     Plaintiff's bank account is a checking account, held by Wells Fargo Bank, that Plaintiff established for personal family and household use.

48.     Plaintiff's bank account is an "account" as defined by 15 U.S.C. § 1693a(2).

49.     Plaintiff did not authorize such preauthorized electronic fund transfers in writing.

50.     DSC failed to provide Plaintiff with a copy of Plaintiff's signed, written authorization at the time it was made.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1693e(a)**
**DEFENDANT DSC**

51.     Plaintiff repeats and re-alleges each factual allegation contained above.

52.     DSC violated 15 U.S.C. § 1693e(a) by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without first obtaining Plaintiff's written authorization or its equivalent.

53.     DSC violated 15 U.S.C. § 1693e(a) by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without sending Plaintiff a copy of her signed, written authorization.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that DSC violated 15 U.S.C. § 1693e(a) and Regulation E;

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1693m(a)(2)(A);

c)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1693m(a)(3);

d)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e)   Awarding other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e(5)**
**DEFENDANT DSC**

54.     Plaintiff repeats and re-alleges each factual allegation contained above.

55.     The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e.  *See Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

56.     This includes the "threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).

57.      "To argue that a collection agency can avoid the strictures of the FDCPA simply by acting where it has no legal authority, as opposed to *threatening* to act where it has

no legal authority, would defy the very purposes of the section, one of which is to prevent 'use of ... false ... means in connection with the collection of any debt.'" *Marchant v. U.S. Collections W., Inc.*, 12 F. Supp. 2d 1001, 1006 (D. Ariz. 1998) (emphasis in original) (quoting 15 U.S.C. § 1692e).

58.   Here, DSC violated the EFTA by initiating preauthorized electronic fund transfers from Plaintiff's personal bank account without having Plaintiff's written authorization or its equivalent, or in the alternative, by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without sending Plaintiff a copy of her signed, written authorization.

59.   By failing to obtain the necessary prerequisites before the action of initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account, DSC took an action that could not legally be taken in violation of 15 U.S.C. § 1692e(5).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that DSC violated 15 U.S.C. § 1692e(5);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(5)**
**DEFENDANT SFM**

60.     Plaintiff repeats and re-alleges each factual allegation contained above.

61.     The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e.  *See Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

62.     This includes the "threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).

63.     Here, DSC violated the EFTA by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without having Plaintiff's written authorization or its equivalent, or in the alternative, by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without sending Plaintiff a copy of Plaintiff's signed, written authorization.

64.     By failing to obtain the necessary prerequisites before the action of initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account, DSC took an action that could not legally be taken in violation of 15 U.S.C. § 1692e(5).

65.     SFM, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of DSC—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that SFM violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT IV**
**VIOLATION OF CAL. CIV. CODE § 1788.17**
**DEFENDANT SFM**

66. Plaintiff repeats and re-alleges each factual allegation contained above.

67. A debt collector violates Cal. Civ. Code § 1788.17 by failing to comply with §§ 1692b-j of the FDCPA.

68. Here, DSC violated the EFTA by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without having Plaintiff's written authorization or its equivalent, or in the alternative, by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without sending Plaintiff a copy of Plaintiff's signed, written authorization.

69. By failing to obtain the necessary prerequisites before the action of initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account, DSC took an action that could not legally be taken in violation of 15 U.S.C. § 1692e(5).

70. SFM, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of DSC—the debt collector it retained to collect on its behalf.

71. By violating § 1692e(5) of the FDCPA, SFM violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Cal. Civ. Code § 1788.17;

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and,

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

72.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 28, 2017

Respectfully submitted,

/s/ Elliot Rosenberger
Elliot Rosenberger (Cal. Bar No. 298837)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 256-5075
Facsimile: (866) 317-2674
er@biletskyrosenberger.com

/s/ Joshua Biletsky
Joshua Biletsky (Cal. Bar No. 285438)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 256-5075
Facsimile: (866) 317-2674
jb@biletskyrosenberger.com

1

*Co-counsel with Thompson Consumer Law Group, PLLC*

2

**Correspondence address:**

3

4

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206

5

6

Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28